BLANCO FRESNO & Co., *S. en C.,* Plaintiff and Appellee, *v.* ROYAL INSURANCE Co., Defendant and Appellee; PORTO RICAN & AMERICAN INSURANCE Co., Intervenor and Appellant. BLANCO FRESNO & Co., *S. en C.,* Plaintiff and Appellee, *v.* WESTERN ASSURANCE Co., Defendant; PORTO RICAN & AMERICAN INSURANCE Co., Intervenor and Appellant.

Nos. 6155 and 6156. Argued June 23, 1933.—Decided July 24, 1934.

*J. Henri Brown, C. Ruiz Nazario* and *J. E. González* for intervenor and appellant. *A. García Ducós* for plaintiff and appellee. *José Sabater* for defendant and appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The Royal Insurance Co. and the Western Assurance Co. issued fire insurance policies in favor of García Hnos. After a fire in which some of the property of García Hnos. was destroyed, Blanco Fresno & Company acquired the rights under the policies and brought suit against the Royal Insurance Co. and the Western Assurance Co. The cases were heard together in the District Court of Aguadilla and judgment rendered for the defendants, the respective insurance companies. The judgments included a pronouncement of costs.

After this pronouncement, the said victorious defendants sought and obtained, respectively, an attachment against Blanco Fresno & Company to secure the judgments in favor of said companies. The District Court of Aguadilla issued the attachment without bond. To a large extent the case turns upon the right, under the circumstances, to obtain an attachment without bond. The property of Blanco Fresno & Company was actually attached to secure the effectiveness of the judgments. To release the goods attached Blanco Fresno & Company came into court and offered a bond. The bond was accepted by the court and in each case the surety on the bond was the Porto Rican & American Insurance Co. The judgments existing in favor of the insurance companies

were appealed and affirmed by the Supreme Court of Puerto Rico. Then the defendants, the said insurance companies, presented a memorandum of costs; the Royal Insurance Company in the sum of $2,091.75 and the Western Assurance Company in the sum of $2,011.75.

Then the appellant, the Porto Rican & American Insurance Company, filed a motion asking leave to intervene to protect itself against the pronouncement of costs. The District Court of Aguadilla denied the motion but suffered the Porto Rican & American Insurance Company to be heard as *amicus curiæ*. In each case from the order denying the motion to intervene the latter appealed.

██ Assuming for the moment that the District Court of Aguadilla was mistaken in refusing to allow the intervention and was also mistaken in deciding that the Porto Rican & American Insurance Co. was estopped from raising any question as to the sufficiency of the bond, the real important matter to discuss in this case is the sufficiency of said bond.

Up to April 13, 1916, Sections 3 and 4 of the law to secure the effectiveness of judgments (Comp. St. of 1911, p. 849) read as follows:

"Section 3.—None of the preceding remedies shall be decreed, unless an action is entered, and a petition praying such remedy is made containing a statement of the points of law and of fact on which it is based. The petition praying for any such remedy may be entered when the action is entered or at any stage of the proceedings before final judgment.

"Section 4.—If it be clearly shown by means of any authentic document that the fulfillment of the obligation may be legally enforced, the court shall decree the remedy without bond.

"In any other case, it shall be required that a bond be furnished. The bond thus given shall secure the defendant against any damage caused to him by reason of the remedy."

Up to that date it was clear that the only way in which an attachment could be decreed without bond was that the legal obligation should be contained in an authentic docu-

ment. We shall leave aside for the moment whether at such a date a judgment of a district court might be considered such an authentic document.

The fact was, however, that in 1916, Section 3 of the Act to secure the effectiveness of judgments was amended to read as follows (Session Laws, p. 77):

"None of the preceding remedies shall be decreed, unless an action is entered, and a petition praying such remedy is made. The petition praying for any such remedy may be entered when the action is entered or at any stage of the proceedings before or after judgment. If security of judgment is prayed after the same has been rendered no bond shall be required."

The intention of the legislature was thus clearly displayed that after judgment an attachment might be obtained without bond. Section 4 must be understood as relating to the cases other than where a judgment had been obtained.

We think, however, that a judgment is an authentic document within the provisions of Section 4, *supra*. The fact that the amount of the judgment is undetermined could not affect the possibility of realizing on (*exigibilidad*) the bond, inasmuch as the question of the amount rested solely on the discretion of the court and was not a matter *in pais*. And this was the opinion of this court in *Carolina Fabelo* v. *Andrés Quintana Reyes et al.*, decided on June 26, 1934, case No. 6305.

██ The District Court of Aguadilla also held that as by its bond the Porto Rican & American Insurance Co. had obtained the release of property, it was estopped to raise any question on the sufficiency of the attachment without bond. We think the court was right. Assuming that the bond was insufficient at the time of its execution, the only person with a right to challenge the sufficiency of the attachment was Blanco Fresno & Company, the plaintiff and losing party in the principal case. At no time did the said plaintiff challenge the sufficiency of the attachment. The Porto Rican & American Insurance Co. at that time was a perfect

stranger to the suit, and the mere fact that it gave a bond to release goods did not give it the right to challenge the attachment.

We are inclined to think that the attachment issued in this case under any conditions could not have been totally void, but merely voidable, and voidable at the instance of Blanco Fresno & Company. Hence, when the Porto Rican & American Insurance Co. obtained the release of the goods by its bond, the court was perfectly justified in considering the said appellant estopped by its acts.

The bond should not be interpreted as making the situation of the judgment creditors worse than it was before the giving of the same. Even under this aspect of the case, the attempted attack by the proposed intervenor came too late.

We come then to considering the matter of the right of the Porto Rican & American Insurance Co. to intervene after judgment. Section 72 of the Code of Civil Procedure by its terms limits the right of intervention to a period before judgment. We are inclined to believe that the court was right in holding that the letter of the law should be followed. The court maintained that the costs were a mere incident to the judgment. The appellant insists that the proceeding for obtaining costs is like a trial by itself. The court, however, points out that the appellant could always have its day in court when suit was begun to recover on the bond. As there is a possibility of Section 72 being interpreted as appellant contends, we do not care to close the doors absolutely to an intervention in some future case.

Discretionally, however, because of matters we have discussed and perhaps others, the court was entirely right in refusing to permit the Porto Rican & American Insurance Co. to intervene.

The orders appealed from should be affirmed.